```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                      AT CHARLESTON
```

**CARLOS REYES,**

    **Petitioner,**

**v.**                                    **CIVIL ACTION NO. 2:04-0831**

**UNITED STATES OF AMERICA,**

    **Respondent.**

<u>ORDER</u>

By Standing Order entered on July 21, 2004, and filed in this case on August 17, 2004, this matter was referred to United States Magistrate Judge Mary E. Stanley. Pursuant to 28 U.S.C. § 636(b)(1)(B), the Standing Order directs Magistrate Judge Stanley to submit proposed findings and recommendation concerning the disposition of this matter. Magistrate Judge Stanley submitted her Proposed Findings and Recommendation on July 13, 2005, and proposed that this court conclude first, that petitioner's letter/motion was untimely, and second, that the arguments contained in the letter/motion were legally meritless because they require the retroactive application of <u>United States v. Booker</u>, 125 S. Ct. 738 (2005). Given her findings, the magistrate judge recommended that this court (1) dismiss petitioner's letter/motion to supplement, and (2) direct the Clerk to remove this matter from the court's docket.

In accordance with the provisions of 28 U.S.C. § 636(b), the parties were allotted ten days, plus three mailing days, in which

to file any objections to Magistrate Judge Stanley's Proposed Findings and Recommendation. The failure of any party to file objections within the appropriate time frame constitutes a waiver of such party's right to a de novo review by this court. Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985). Moreover, this court need not conduct a de novo review when a petitioner "makes general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

On July 27, 2005, petitioner timely filed objections to the magistrate judge's Proposed Findings and Recommendations. (See Docket No. 97.) Specifically, petitioner noted that he believed that he had an active petition under 28 U.S.C. § 2255 because his attorney had advised him that one had been filed. Further, petitioner contended that the ends of justice would not be served should the court follow the magistrate's conclusions regarding the retroactive application of Booker. (See id. at 3.)

Petitioner's argument regarding Booker is general and conclusory as defined in Orpiano. Accepting the argument contained in petitioner's letter/motion necessarily requires the court to apply Booker retroactively. In Tyler v. Cain, 533 U.S. 656, 662-63 (2001), the Supreme Court held "that a new rule is not 'made retroactive to cases on collateral review' unless the Supreme Court holds it to be retroactive." In Booker, the Supreme

-2-

Court did not. As such, the magistrate judge's conclusion regarding this issue was correct under the law and petitioner's objection to the contrary is hereby **OVERRULED**.

Further, the court finds no merit in petitioner's suggestion that his petition is not time-barred. However, because the court finds that the arguments contained in petitioner's letter/motion are without legal merit, even were the court to accept petitioner's suggestion that the time bar should be excused because of his mistaken belief that a petition under 28 U.S.C. § 2255 had been filed, it would nevertheless be appropriate to dismiss this action. As such, petitioner's objection regarding his petition being time-barred is hereby **OVERRULED AS MOOT**.

Having reviewed the Findings and Recommendation filed by Magistrate Judge Stanley, the court (1) **CONFIRMS** and **ACCEPTS** the factual and legal analysis within the magistrate judge's Proposed Findings and Recommendation, and (2) **DISMISSES** petitioner's letter/motion (Docket No. 91) with prejudice.

The Clerk is **DIRECTED** to remove this action from the active docket of this court. The Clerk is further directed to forward a certified copy of this Order to all counsel of record and the plaintiff, pro se.

IT IS SO ORDERED this 26th day of October, 2005.

ENTER:

David A. Faber
Chief Judge